# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL WAYNE DANIELS,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-01551 |
| ) | Judge Aleta A. Trauger |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Before the court is Michael Wayne Daniels' Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255. (Doc. No. 1.) Daniels seeks to vacate and reduce the sentence imposed for his 2006 conviction in *United States v. Daniels*, No. 3:04-cr-00192 (M.D. Tenn. Jan. 1. 2006) (Judgment, Doc. No. 70),[1] based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons set forth herein, the motion will be granted in part and denied in part.

**I.    Procedural Background**

On September 16, 2005, Daniels pleaded guilty to the three charges set forth in the Indictment, including (1) interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 ("Hobbs Act robbery") and 2; (2) using a firearm during and in relation to a crime of violence (specifically, the Hobbs Act robbery), in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. At the same time, he pleaded guilty to the charge contained in a felony Information in a separate

---

[1] References to the criminal case record will hereafter be designated as "Crim. Doc. No. ___."

case, No. 3:05-cr-00219, robbery of a United States Post Office, in violation of 18 U.S.C. § 2114. (Crim. Doc. No. 69.) At the time he committed the crimes to which he pleaded guilty, he was on parole from a life sentence being served in the Tennessee Department of Correction and had prior felony convictions in the Criminal Court for Davidson County, Tennessee. Pursuant to the written Plea Agreement, Daniels acknowledged that, based on these prior convictions, he qualified as a Career Offender under §§ 4B1.1 and 4B1.2 of the United States Sentencing Guidelines ("USSG") and as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2). He agreed that, based on a total adjusted Offense Level of 34 and Criminal History Category of VI, the applicable guideline range was 262 to 327 months of imprisonment. (Crim. Doc. No. 69-1, Plea Agreement ¶ 11.c.) Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed to a sentence of 300 months. (*Id.* ¶ 12.)

The predicate felonies that resulted in the movant's qualifying as a Career Offender under the Sentencing Guidelines and an Armed Career Criminal under the ACCA were identified in the Plea Agreement as including a conviction for armed robbery, a conviction on two counts of simple robbery, and a conviction for third-degree burglary, all in the Criminal Court for Davidson County, Tennessee. (*Id.* ¶¶ 11.a.1.) He specifically acknowledged that he faced a maximum sentence of 20 years on Count One (Hobbs Act robbery), a mandatory minimum consecutive sentence of five years on Count Two, a mandatory minimum sentence of fifteen years on Count Three, and a maximum sentence of twenty-five years on the felony Information. (*Id.* ¶ 4.)

Following the court's acceptance of his plea, Daniels was sentenced on December 5, 2005 to 240 months on Count One and 180 months on Count Three, to be served concurrently; 60 months on Count Two, to be served consecutively to Count One; 120 months on the Information, also to be served concurrently with the sentence on Counts One and Three of the

Indictment; and five years of supervised release. (Crim. Doc. No. 68.) Judgment was entered on January 4, 2006. (Crim. Doc. No. 70.) Daniels did not appeal his conviction or sentence.

He filed his § 2255 motion to vacate on June 27, 2016, arguing that: (1) his conviction on Count Two, for carrying a weapon in connection with a crime of violence, is invalid, because Hobbs Act robbery could only qualify as a crime of violence under the "residual clause" of § 924(c), which is unconstitutional in light of *Johnson*; (2) his career-offender status for purposes of his sentence on Count One is invalid, both because Hobbs Act robbery does not qualify as a crime of violence and because the residual clause of USSG § 4B1.2 is likewise void for vagueness under *Johnson*; and (3) his fifteen-year sentence on Count Three is no longer valid in light of *Johnson*, because the conviction for third-degree burglary does not qualify as a crime of violence. (Doc. No. 1.) The government filed a Response in opposition to the motion. (Doc. No. 5.) Daniels requested that his motion be held in abeyance pending resolution of cases then pending before the Sixth Circuit or the Supreme Court.

Following review of the parties' initial submissions, the court concluded that, in light of *Cradler v. United States*, 891 F.3d 659 (6th Cir. 2018), it had become "clear that Daniels' 1985 conviction for third-degree burglary no longer qualifies as a crime of violence for purposes of sentencing under the [ACCA]" and, consequently, that resolution of the issue of whether the two counts of Tennessee simple robbery for which Daniels was convicted in a single case in 1983 qualify as two felonies "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), was "now potentially dispositive of the question of whether Daniels is entitled to resentencing on the felon-in-possession conviction" in Case No. 3:04-cr-00192. (Order, Doc. No. 9, at 1–2.) Because there were no *Shepard*-approved documents in the record establishing that the two simple robbery convictions qualified as two separate felonies for ACCA purposes, the court ordered the government to file a supplemental brief and whatever *Shepard* documents were

available to it, addressing the question of whether the simple robbery convictions could be counted as two prior violent felonies for ACCA purposes. The court also authorized the movant to file a supplemental reply. (*Id.* at 2.)

The supplemental briefing has now been concluded. The government has filed the *Shepard*-approved documents it has been able to locate (Doc. No. 14-1) but concedes that it "does not possess any *Shepard*-approved documents definitively showing that Daniels' robbery convictions occurred on two separate dates in 1978." (Doc. No. 16, at 2.) It argues that Daniels is nonetheless not entitled to relief on his ACCA claim, because (1) Daniels' post-conviction arguments were waived by the terms of his Plea Agreement; and (2) under the concurrent sentence doctrine, modification of the ACCA sentence will not affect Daniels' overall sentence. (*Id.* at 2–3.) The movant has responded that he has established entitlement to relief under *Johnson* and that the court should exercise its discretion not to apply the concurrent sentence doctrine. (Doc. No. 21.)

## II. Legal Framework

### A.  28 U.S.C. § 2255

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855,

858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A motion under § 2255 is ordinarily subject to a one-year statute of limitations, running from the date the underlying conviction became final. 28 U.S.C. § 2255.

### B.  The ACCA and *Johnson*

18 U.S.C. § 922(g)(1) makes it unlawful for a previously convicted felon to possess any firearm or ammunition that has been transported in interstate commerce. Ordinarily, a felon-in-possession conviction carries a ten-year maximum sentence. 18 U.S.C. § 924(a)(2). However, the ACCA, 18 U.S.C. § 924(e), mandates a minimum sentence of fifteen years for any person convicted under § 922(g)(1) who has "three previous convictions . . . for a violent felony or a serious drug offense."

Section 924(e)(2)(B) defines "violent felony" to mean:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

The first prong of that definition, § 924(e)(2)(B)(i), is known as the "use-of-force" clause. *Davis v. United States,* 900 F.3d 733, 735 (6th Cir. 2018), *cert. denied*, No. 18-6706, 2019 WL 1318598 (Mar. 25, 2019). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated-offense clause," and the second part ("conduct that presents a serious potential risk of physical injury to another") is known as the "residual clause." *Id.*

In *Johnson v. United States*, the Supreme Court invalidated the residual clause as unconstitutionally vague under the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S.

Ct. at 2563. The Supreme Court subsequently recognized that *Johnson* had announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). As a result, the motion now before the court is timely.

Courts and litigants have continued to grapple with the full import of *Johnson*, both with respect to how it affects the interpretation of the still-valid parts of the ACCA and how it pertains to other similarly worded statutes. Thus, for example, the Sixth Circuit initially held that a similar "residual clause" in 18 U.S.C. § 924(c)(3)(B) remains valid. *United States v. Taylor*, 814 F.3d 340, 375–76 (6th Cir. 2016). That part of *Taylor* has been abrogated by the Supreme Court's recent holding that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, for the same reasons as the similar residual clause of the ACCA. *United States v. Davis*, 139 S. Ct. 2319 (June 24, 2019).

On the other hand, the Supreme Court rejected a challenge to the residual clause of the career offender guideline in the United States Sentencing Guidelines. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017).

### III. ANALYSIS

#### A. Waiver

The United States, although it did not raise the issue of waiver in its initial Response to Daniels' Motion, now posits that his claims are entirely foreclosed by the waiver contained in his Plea Agreement. (*See* Plea Agreement, Crim. Doc. No. 69-1, at 15–16.) Citing *Vowell v. United States*, No. 17-5405, 2019 WL 3850144 (6th Cir. July 12, 2019),[2] Daniels responds that, because the issue raised is whether he was wrongfully sentenced in excess of the statutory maximum punishment, his claims are not waived. (Doc. No. 21, at 1.)

---

[2] This opinion, though originally filed as an unpublished opinion, has now been designated for publication. *Vowell*, 2019 WL 3850144, at **7** n.*.

In *Vowell*, the Sixth Circuit clarified its prior decision in *United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006), as holding that an individual cannot waive "the right to challenge a sentence on the ground that it exceeds the statutory maximum penalty." *Vowell*, 2019 WL 3850144, at *2. *Caruthers*, however, "did not answer the separate question of whether a claim that an ACCA enhancement has been improperly applied qualifies as a claim that the sentence exceeds the statutory maximum." *Vowell*, 2019 WL 3850144, at *2. However, in the later case of *Slusser v. United States*, 895 F.3d 437 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1291 (2019), the court "concluded that a criminal defendant's knowing and voluntary appellate waiver prohibited him from asserting a § 2255 claim that, under *Johnson v. United States*, he was no longer a career offender and, therefore, his sentence exceeded the statutory maximum for his crime." *Vowell*, 2019 WL 3850144, at *4. The court in *Vowell* held that the *Slusser* decision rested on the "misunderstanding that *Caruther*'s appellate waiver statement was dicta, and therefore not binding." *Vowell*, 2019 WL 3850144, at *4. Because the *Caruthers* holding was not mere dicta, and because a subsequent panel decision cannot overrule an earlier panel's decision, the court concluded that, "under the still-applicable and binding rule endorsed in *Caruthers*, defendants should continue to be able to challenge statutorily excessive sentences, regardless of their appellate waivers." *Id.* The court also noted that other decisions from the Sixth Circuit and the Supreme Court holding that "subsequent changes in the law do not render an otherwise valid waiver unknowing or involuntary, . . . say nothing of whether an appellate waiver encapsulates a subsequent change of the law which would otherwise render a defendant or petitioner's sentence statutorily excessive, i.e., *illegal*." *Id.* at *5.

The court in *Vowell* therefore concluded that "a defendant or petitioner may challenge his sentence as being statutorily excessive based on a subsequent change in the law, even if the waiver was otherwise knowing and voluntary." *Id.* It also went on to answer the question left

pending by *Caruthers*. It held that the applicable sentencing statutes "clearly established" that "a petitioner's allegedly incorrect designation as a career offender under the ACCA renders his sentence in excess of the statutory maximum." *Id.* That is, if a petitioner who is incorrectly designated as a career offender and sentenced to fifteen years rather than the otherwise applicable maximum sentence of ten years, then the sentence he receives exceeds the applicable statutory maximum, and a waiver of his right to challenge such a sentence is invalid.

Under *Vowell*, this court concludes that the waiver at issue in this case does not operate as a waiver of Daniels' claims under *Johnson* or, now, *Davis*.

### B. Count Two – 18 U.S.C. § 924(c)

Daniels argues, first, that his conviction on Count Two under 18 U.S.C. § 924(c), for using a firearm in connection with a crime of violence, is invalid, because Hobbs Act robbery could only qualify as a crime of violence under the residual clause of § 924(c), which is void for vagueness. *Davis*, 139 S. Ct. 2324.

Notwithstanding *Davis*, Daniels' challenge to his particular conviction has been foreclosed by the Sixth Circuit's decision in *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017), which held that Hobbs Act robbery, as opposed to the distinct offense of Hobbs Act extortion, is categorically a crime of violence for purposes of sentencing under § 924(c) and, as such, does not fall under the residual clause of § 924(c). The Plea Petition, Plea Agreement, and Judgment in this case make it clear that Daniels was charged with and pleaded guilty to Hobbs Act robbery, not extortion. Neither *Davis* nor *Johnson* authorizes resentencing on Count Two.

### C. Count One – Sentencing Under USSG § 4B1.1

Daniels also argues that, "for the same reason," he no longer qualifies as a career offender, as defined by USSG § 4B1.1, because that provision only applies to "crimes of violence," and its definitional section, USSG § 4B1.2, includes a residual clause virtually

identical to that of the ACCA, which was invalidated by *Johnson*. He argues only that, because Hobbs Act robbery is not a "crime of violence," he should not have been sentenced on Count One under the career offender guideline, USSG § 4B1.1.

This claim, too, is without merit. The Supreme Court has held that the advisory Sentencing Guidelines, specifically including the residual clause of § 4B1.2, are not unconstitutionally vague. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017) ("[Because they] merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range . . . , the Guidelines are not subject to a vagueness challenge under the Due Process Clause.").

Daniels is not entitled to resentencing on Count One.

**D.     Count Three – Felon in Possession and Sentencing under the ACCA**

Finally, Daniels asserts that he "may no longer be considered an armed career criminal because his prior offense of burglary may no longer be a 'violent felony' under that statute." (Doc. No. 1, at 10.) The government argues that the statutory definition of third-degree burglary is consistent with the "generic" definition of the offense and, therefore, qualifies as a crime of violence. (Doc. No. 5.) In support of its position, the government filed a copy of the Tennessee indictment charging that Daniels had "unlawfully, feloniously, forcibly and violently" broken into a business to commit "larceny" (Doc. No. 5-1) and the Judgment showing that he had pleaded guilty to third-degree burglary in July 1985 (Doc. No. 5-2).

The Sixth Circuit, however, has held that third-degree burglary under Tennessee law as of 1977 did not qualify as a generic burglary for purposes of the ACCA. *Cradler v. United States*, 891 F.3d 659 (6th Cir. 2018).[3] Although the statute under which Cradler was convicted

---

[3] The statute at issue in *Cradler* read as follows:

**39-904. Burglary in third degree—Safe cracking—Penalty.**—Burglary in the third

was amended and renumbered in 1982, the text of the amended statute itself, defining the elements of the offense, had not changed at all by the time of Daniels' conviction in 1985.[4] Because the relevant statutory provisions are identical for all practical purposes, *Cradler* dictates the conclusion that Daniels' 1985 third-degree burglary conviction does not qualify as a violent felony under the "enumerated offense" clause of the ACCA and, instead, could only have qualified under the now-unconstitutional residual clause.

The government argues that, even without the third-degree burglary conviction, Daniels still has three prior violent felony convictions that qualify under the ACCA, including one conviction for armed robbery and two for simple robbery, all under Tennessee law. Both robbery

---

degree is the breaking and entering into a business house, outhouse, or any other house of another, other than a dwelling house, with the intent to commit a felony. Every person convicted of this crime shall be imprisoned in the penitentiary for not less than three (3) years nor more than ten (10) years. . . .

Any person who, with intent to commit crime, breaks and enters, either by day or by night, any building, whether inhabited or not, and opens or attempts to open any vault, safe, or other secure place by any means, shall be punished by imprisonment for a term of not less than three (3) nor more than twenty-one (21) years.

Tenn. Code Ann. § 39-904 (1973) (amended and renumbered), *quoted in Cradler*, 891 F.3d at 668.

[4] The statute in effect when Daniels was convicted of third-degree burglary read as follows:

**39-3-404. Third-degree burglary -- Safecracking.**

(a) (1) Burglary in the third degree is the breaking and entering into a business house, outhouse, or any other house of another, other than dwelling house, with the intent to commit a felony.

(2) Every person convicted of this crime, on first offense, shall be imprisoned in the penitentiary for not less than three (3) years nor more than ten (10) years. . . .

(b) (1) Any person who, with intent to commit crime, breaks and enters, either by day or by night, any building, whether inhabited or not, and opens or attempts to open any vault, safe, or other secure place by any means, shall be punished by imprisonment for a term of not less than three (3) nor more than twenty-one (21) years upon conviction for a first offense . . . .

Tenn. Code Ann. § 39-3-404 (1982) (amended).

and armed robbery qualify as violent felonies for ACCA purposes. *See United States v. Mitchell*, 743 F.3d 1054, 1059–60 (6th Cir. 2014) (holding that Tennessee robbery, under pre-1989 and post-1989 version of the statute, qualifies as an ACCA violent felony); *United States v. Bailey*, 634 F. App'x 473, 476 (6th Cir. 2015) (holding that *Mitchell* also established that Tennessee aggravated robbery is an ACCA predicate offense).

The ACCA, however, requires three previous qualifying convictions that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In determining whether prior offenses were "committed on occasions different from one another" for ACCA purposes, a sentencing court may rely only on evidentiary sources and information approved by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005). *See United States v. King*, 853 F.3d 267, 279 (6th Cir. 2017). *Shepard*-approved documents include sources that contain facts—such as dates—that were previously established in a manner that satisfied the Sixth Amendment. *Accord United States v. Cash*, 306 F. Supp. 3d 1023, 1027 (E.D. Tenn. 2018). These typically include such documents as the indictment, judgment, jury instructions, plea colloquy, and plea agreement. *Descamps v. United States*, 570 U.S. 254, 264 n.2 (2013). "[I]f the *Shepard*-approved documents before a district court are equivocal as to whether the offenses occurred on the same occasion, the ACCA does not apply." *Cash*, 306 F. Supp. 3d at 1027 (quoting *Kirkland v. United States*, 687 F.3d 878, 888–89 (7th Cir. 2012)).

The government has now conceded that it is not in possession of, and had not been able to locate, any *Shepard*-approved documents relating to the two 1983 robbery convictions. (Doc. No. 16.) Based on the information currently available, the court can only conclude that the government has not carried its burden of presenting *Shepard*-approved documents showing that the two prior robbery convictions were committed on occasions different from one another for

purposes of the ACCA. It therefore appears that Daniels has only two, rather than three, qualifying prior convictions and was incorrectly classified as a career offender under the ACCA.

The government effectively concedes as much. It nonetheless argues that the concurrent sentence doctrine authorizes the court to deny the requested relief. The concurrent sentence doctrine provides that the court "may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction." *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). The court's discretion under the concurrent sentence doctrine is limited, however: "A court should exercise its discretion not to review an issue where it is clear that there is no collateral consequence to the defendant and the issue does not otherwise involve a significant question meriting consideration." *United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992) (citing *Dale*, 878 F.2d at 935 n.3).

The court declines to apply the doctrine in this case. While resentencing may not result in a reduction of Daniels' overall sentence, "the question under consideration is no less significant than [Daniels'] right to be free from an unconstitutional sentence." *Sublett v. United States*, No. 1:04-CR-00037-TBR, 2017 WL 1324133, at *2 (W.D. Ky. Apr. 6, 2017) (declining to apply the concurrent sentence doctrine in an ACCA case), *aff'd on other grounds*, 729 F. App'x 380 (6th Cir. 2018), *cert. denied*, 138 S. Ct. 2693 (2018). In addition, the court is not persuaded that Daniels will not suffer any future "adverse collateral consequences" from his continued erroneous classification as a career offender under the ACCA. *See United States v. Davis*, 547 F.3d 520, 529 (6th Cir. 2008) (vacating a sentence for a conspiracy conviction, even though it was to run concurrently with a sentence on a distribution conviction, because "adverse collateral consequences" could flow from the concurrent sentence (quoting *Cramer v. Fahner*, 683 F.2d 1376, 1381 (7th Cir. 1982) (court should review a concurrent sentence unless "there is no

substantial possibility that the unreviewed conviction will adversely affect the defendant's right to parole or expose him to a substantial risk of adverse collateral consequences")).

In sum, the court finds that Daniels was incorrectly sentenced as a career offender under the ACCA and is entitled to relief under *Johnson* on Count Three of the Indictment.

**IV.　CONCLUSION**

For the reasons set forth herein, the court will deny the motion insofar as it seeks to vacate the convictions or sentences issued on Counts One and Two of the Indictment in the underlying case. The court will grant relief insofar as Daniels seeks resentencing on Count Three on the basis that he was incorrectly classified as a career offender under the ACCA, and his claim is timely under *Johnson*.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge